**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ANDRE CRAIG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-CV-173-JED-PJC |
| ) | |
| MID-CONTINENT CONCRETE ) | |
| COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Motion to Dismiss filed by

Defendant Mid-Continent Concrete Co., Inc. [Dkt. No. 40].  For the reasons set

forth below and pursuant to Fed. R. Civ. P. 37(b)(2), I **RECOMMEND** this case

be dismissed for failure to comply with a Court order and failure to cooperate

in discovery.

**BACKGROUND**

Plaintiff Andre Craig ("Craig") filed this action in April 2014, alleging

violation of his rights under Title VII of the Civil Rights Act of 1964 ("Title VII"),

42 U.S.C. § 1981 & 2000e, and retaliation.  Craig alleges that he received

disparate treatment regarding training and promotion, because he is African-

American.  He also alleges that white employees subjected him to racial

epithets and harassment.  Craig says he complained to Richard Santiago, the

company's CEO, about the harassment, but nothing was done.  Craig says he

was injured on the job at one point, but was told not to file a worker's

1

compensation claim.  Craig says he was wrongly fired in June 2013.  [Dkt. No. 2].

In March 2015, Defendant served discovery requests on Plaintiff. Plaintiff's responses were due by April 3, 2015.  Plaintiff did not respond to the discovery, and on April 13, 2015, Craig's first attorney sought to withdraw, saying Craig had terminated him.  [Dkt. No. 25].  On May 4, 2015, Craig entered his appearance  *pro se.*  [Dkt. No. 29].

By June 30, 2015, Craig still had not made any response to Defendant's Interrogatories and Requests for Production that had been served three months earlier.  Accordingly, Defendant moved to compel discovery responses.  [Dkt. No. 32].  On July 2, 2015, this Court ordered Craig to respond to the Motion to Compel by July 15.  [Dkt. No. 34].  Craig failed to comply with this Order. [Dkt. No. 35].  On July 17, 2015, the Court ordered Craig to appear at a hearing and show cause why he should not be sanctioned for disregarding the Court's Order and failing to produce discovery responses.  [Dkt. No. 36].  Craig was warned that possible sanctions included dismissal of his lawsuit.  [*Id.*].

The Show Cause hearing was held on July 23, 2015.  At the hearing, Craig proffered a CD which he said contained his discovery responses.  The Court discussed a date for Plaintiff's deposition and directed the Defendant to review the CD produced by Craig and advise the Court within one week if there were still any outstanding discovery issues.  [Dkt. No. 37].

Later that day, Defendant notified the Court that the CD produced by Craig contained nothing but documents that Defendant had previously

produced to Craig.  [Dkt. No. 38].  There were no responses to Defendant's Interrogatories and there were no responses to Defendant's Requests for Production.  [*Id.*].  On August 6, 2015, Defendant's moved for dismissal of this lawsuitseeks dismissal of this action due to Craig's failure to cooperate in discovery.  [Dkt. No. 40].

After the dismissal motion was filed, attorney Derek Ingle entered his appearance on behalf of Craig.  [Dkt. No. 43].  Four months later, Ingle moved to withdraw as Craig's counsel, saying Craig had failed to keep in contact with him and that Ingle had not been able to reach him.  [Dkt. No. 51, at 2].  During the time Ingle was counsel of record and since he was allowed to withdraw, two weeks ago, no documents or discovery responses have been served on Defendant.

While Ingle's motion to withdraw as counsel was pending, the undersigned directed him to file with the Court "a Bates-numbered list of all documents, if any, that Plaintiff has produced to Defendant since Ingle entered his appearance in this matter on August 17, 2015."  [Dkt. No. 55].  On January 22, 2016, Ingle responded that Plaintiff had produced no documents to Defendant during his tenure as counsel because, "despite numerous repeated attempts," Ingle never received any documents from his client.  [Dkt. No. 56].  On February 1, 2016, Ingle was allowed to withdraw as counsel for Craig. [Dkt. No. 59].

The bottom line is this:  Defendant served basic discovery requests in March 2015 and still has not received any responses to those requests.  As a

result of Plaintiff's failure to cooperate in discovery, the Court has extended discovery cutoff three times, from January 16, 2015 [Dkt. No. 16], to April 16, 2015 [Dkt. No. 21], to June 15, 2015 [Dkt. No. 24], to August 14, 2015 [Dkt. No. 31]. The situation finally caused the Court to stay this case until this dismissal motion was resolved. [Dkt. No. 42].

**APPLICABLE LEGAL PRINCIPLES**

Pursuant to Fed.R.Civ.P. 37, a party who fails to obey an order to provide or permit discovery may be subject to sanctions. These sanctions include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Rule 37(b)(2)(A)(i)-(vii).

Rule 37(b) concerns the most serious sanctions a court may impose for discovery violations. First, there must be a specific Court Order that has been violated. Here, the Court entered Orders on July 2 and July 23, 2015 that Plaintiff did not comply with. Second, the Court must find that the order(s) have been disobeyed. Plaintiff has failed to comply with the Court's orders, despite numerous opportunities to do so. Under these circumstances, the Court may impose a "merits sanction"; that is, sanctions that "directly impact

4

or resolve the merits of the case." Steven S. Gensler, Federal Rules of Civil Procedure: Rules and Commentary, p. 789 [2013]. For example, a court may impose a proof-based sanction, deeming certain facts to be established, or precluding a party from offering evidence on certain issues. Rule 37(b)(2)(A)(i) & (ii). A court may also strike parts of pleadings, dismiss the case in full or part, or enter a default judgment. Rule 37(b)(2)(A)(iii), (v) & (vi). *See also, O'Neil v. Burton Group*, 559 Fed. Appx. 719, 720 n. 4 (10th Cir.2014); *Porter Bridge Loan Co., Inc. v. Northrop*, 566 Fed.Appx. 753, 756 (10th Cir.2014); *Klein–Becker USA, LLC v. Englert*, 711 F.3d 1153, 1159–60 (10th Cir.2013); *Gross v. Gen. Motors LLC*, 441 Fed. Appx. 562, 56466 (10th Cir.2011).

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit discussed a court's authority to dismiss a case for failure to obey discovery orders. The Tenth Circuit noted that a district court's authority is rooted in Rule 37(b), but recognized that "dismissal represents an extreme sanction appropriate only in cases of willful misconduct." *Id.* at 920. The court observed that in many cases a lesser sanction would "deter the errant party from further misconduct." *Id.* The court also observed:

> Particularly in cases in which a party appears pro se, the court should carefully assess whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation.

*Id.*, n. 3.

The Tenth Circuit outlined five factors a court should consider before determining the appropriate sanction to be imposed. The five factors are:

5

• The degree of actual prejudice to the defendant;
• The amount of interference with the judicial process;
• The culpability of the litigants;
• Whether the court warned the parties in advance that dismissal of the action would be a likely sanction for noncompliance; and,
• The efficacy of lesser sanctions.

*Id.* at 921 (citations omitted).

These factors do not constitute a rigid test; but are matters for a court's consideration before imposing dismissal as a sanction. "The court should ordinarily evaluate these factors on the record." *See, Bud Brooks Trucking v. Bill Hodges Trucking*, 909 F.2d 1437, 1439 (10th Cir.1990).

## DISCUSSION

The first factor to be considered is the actual prejudice to the Defendant. Here, the prejudice is significant.  Defendant has received no documents and no responses to discovery requests that were served nearly a year ago.  This has made it impossible for Defendant to assess Plaintiff's case, take depositions, and prepare its defense.  It has caused several amended Scheduling Orders, and still no discovery has been produced.

Plaintiff's conduct has also interfered with the judicial process. Discovery in this case was originally to be completed in January 2015, and the case was to be tried in August of last year.  After multiple amended schedules, trial was last set for March 2016.  Now, that date has been stricken and the case stayed.

Plaintiff seems fully culpable.  He says he provided discovery to his first lawyer, Charles Vaught, but no discovery was produced to Defendant and Vaught has withdrawn from the case.  Plaintiff operated *pro se* for four-and-a-

half months (May 4, 2015 to August 17, 2015).  During this time, Plaintiff failed to respond to discovery motions and was ordered to show cause why he should not be sanctioned.  He was ordered to respond to discovery and represented to the Court that a CD he produced at a hearing on July 23, 2015, contained all of the required discovery responses.  That was not accurate.  In fact, the CD contained only documents that Defendant had produced to Plaintiff.  Plaintiff did not offer responses to Interrogatories or document requests.  After attorney Derek Ingle entered an appearance for Plaintiff in August 2015, the parties engaged in settlement discussions, but no documents were produced to Defendant and no discovery responses were provided.  Ingle withdrew as counsel in December 2015, stating that plaintiff failed to keep in contact with him and did not respond to Ingle's request for discovery.  At a second Show Cause hearing held February 11, 2016, Plaintiff indicated he is seeking another attorney to represent him, but Plaintiff has still not responded to Defendant's discovery.

On two occasions, the Court has warned Plaintiff of possible dismissal of his lawsuit if he does not cooperate in discovery.  [Dkt. Nos. 36 & 57].

The Court concludes that there is no lesser sanction that will reasonably resolve this issue.  The Court has given Plaintiff multiple opportunities to produce basic discovery.  Defendant has agreed to extensions of time for Plaintiff to provide discovery.  Plaintiff has made promises that he will produce documents or discovery responses, but has failed to do so.  The Court has no

confidence that starting the pre-trial clock yet again will result in anything but further waste of time, money and court resources.

**ACCORDINGLY**, I **RECOMMEND** that Defendant's Motion to Dismiss [Dkt. No. 40] be **GRANTED**.

<u>**OBJECTIONS**</u>

The District Judge assigned to this case will conduct a de novo review of the record and determine whether to adopt or revise this Report and Recommendation or whether to recommit the matter to the undersigned. As part of his/her review of the record, the District Judge will consider the parties' written objections to this Report and Recommendation. A party wishing to file objections to this Report and Recommendation must do so by February 26, 2016. *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file written objections to this Report and Recommendation may bar the party failing to object from appealing any of the factual or legal findings in this Report and Recommendation that are accepted or adopted by the District Court. *See Moore v. United States*, 950 F.2d 656 (10th Cir. 1991); and *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

**DATED** this 12th day of February 2016.

_____
Paul J. Cleary
United States Magistrate Judge