**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NOTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ANDRE CRAIG, | ) |
| | ) |
|     Plaintiff, | ) |
| | )   Case No. 14-CV-173-JED-PJC |
| v. | ) |
| | ) |
| MID-CONTINENT CONCRETE | ) |
| COMPANY, INC. | ) |
| | ) |
|     Defendant. | ) |

**OPINION AND ORDER**

Before the Court is the Report and Recommendation (Doc. 62) of United States Magistrate Judge Paul J. Cleary. Judge Cleary recommends that the Court grant the defendant's Motion to Dismiss (Doc. 40).

A district court must determine de novo any part of a Report and Recommendation "that has been properly objected to," and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The time for filing objections to Judge Cleary's R&R has expired, and no objections were filed.

The Court has conducted a de novo review of the record and the issues presented. In his Report and Recommendation, Judge Cleary accurately summarized the record and properly considered the propriety of a sanction of dismissal in light of the factors identified in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). To this date, plaintiff has failed to provide responses to discovery requests that were due almost a year ago. He terminated his first attorney, who was then permitted to withdraw. Plaintiff then represented himself for over four months. A second attorney then entered an appearance, but subsequently moved to withdraw, stating that

plaintiff had failed to stay in contact. The second attorney also represented that, despite numerous attempts by counsel, plaintiff had never provided documents for purposes of providing long-overdue responses to outstanding discovery requests. The second attorney was permitted to withdraw.

Plaintiff violated a Court order directing him to respond to a motion to compel, and he has failed to cooperate in discovery or show cause why he should not be sanctioned for that failure. As a result of the plaintiff's failure to cooperate in discovery, the discovery cutoff was extended, and the case, which was set to be tried in March 2016, was ultimately stayed and the trial and all scheduling deadlines were stricken. Judge Cleary warned plaintiff – *twice* – that his lawsuit may be dismissed if he continued to fail to cooperate in discovery. (*See* Doc. 36, 57).

Notwithstanding the foregoing and the passage of almost a year, plaintiff has still not provided discovery responses or produced documents. The Court agrees with Judge Cleary that dismissal with prejudice is appropriate under Fed. R. Civ. P. 37(b)(2) and the factors set forth in *Ehrenhaus*, 965 F.2d at 921.

IT IS THEREFORE ORDERED that the Report and Recommendation (Doc. 62) is hereby **accepted**. This action is **dismissed with prejudice**. A separate judgment will be entered forthwith.

SO ORDERED this 2nd day of March, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE